

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

F I L E D

MAR 1 2 2018

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| (1) MICHAEL SCHMAUSS, an individual, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| (1) STATE FARM MUTUAL AUTOMOBILE ) | **18 CV  134 JED - JFJ** |
| INSURANCE COMPANY, a Foreign ) | |
| For Profit Corporation, ) | |
| ) | |
| **Defendant.** ) | |

## NOTICE OF REMOVAL

The Petitioner, State Farm Mutual Automobile Insurance Company ("State Farm"),

Defendant in the above-captioned case, states the following:

1. The above-entitled cause was commenced on February 9, 2018 in the District Court of

Tulsa County, entitled *Michael Schmauss v. State Farm Mutual Automobile Insurance Company*,

Case No. CJ-2018-607. A copy of Plaintiff's Petition setting forth his claims for relief upon which

the action is based is attached hereto and marked Exhibit 1. A copy of the Summons served upon

State Farm is attached hereto and marked Exhibit 2. State Farm was served Summons and Petition

via service on the Oklahoma Insurance Department on February 23, 2018. (Summons, Exhibit 2).

2. State Farm's principal place of business is in the State of Illinois, and State Farm is

incorporated in the State of Illinois. Plaintiff, Michael Schmauss, is a resident and citizen of Tulsa

County, State of Oklahoma. (Petition, ¶ 1, Exhibit 1). Plaintiff's cause of action is for alleged breach

of an automobile insurance policy and alleged breach of the implied duty of good faith and fair

dealing. The matter in controversy between Plaintiff and State Farm, according to Plaintiff's demand,

exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interests and



costs.  (Plaintiff's Petition, p. 5, Exhibit 1).

3.  This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 (1992), by reason of the fact that this is a civil action wherein the amount in controversy, according to Plaintiff's demands, exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interest and costs and is between citizens of different states. Accordingly, this action may be removed by State Farm pursuant to 28 U.S.C. § 1441(a).

4.  This Notice of Removal is filed in this Court within thirty (30) days after February 23, 2018, the date State Farm was served with a copy of Plaintiff's Petition, which was the initial pleading setting forth the claims for relief upon which this action is based. (Summons, Exhibit 2).

5.  Copies of all process, pleadings, and Orders served upon Defendant, State Farm, have been attached hereto as Exhibit 1 (Petition), and Exhibit 2 (Summons). Pursuant to LCvR 81.2, a copy of the state court docket sheet is attached as Exhibit 3.

**WHEREFORE,** Defendant, State Farm Mutual Automobile Insurance Company, prays that this action be removed.

Dated this 12th day of March, 2018.

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS,**
**BRITTINGHAM, GLADD & FIASCO**
A PROFESSIONAL CORPORATION

John S. Gladd, OBA #12307
J. Andrew Brown, OBA #22504
525 South Main Street, Suite 1500
Tulsa, Oklahoma 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
*Attorneys for Defendant State Farm*

2

## CERTIFICATE OF MAILING

I hereby certify that on the 12th day of March, 2018, a true and correct copy of the aforementioned document was mailed to the following, with postage prepaid:

Donald E. Smolen, II
SMOLEN, SMOLEN & ROYTMAN
701 South Cincinnati Avenue
Tulsa, OK 74119
*Attorney for Plaintiff*

S:\Files\416\317\Removal\notice.wpd

3

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
**F I L E D**

FEB - 9 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

MICHAEL SCHMAUSS, an individual, )
           )
     Plaintiff, )    Case No. _____
           )
v. )
           )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, a Foreign For-profit )
Corporation, )    ATTORNEY LIEN CLAIMED
           )
     Defendant. )

**CJ-2018-00607**

**DAMAN CANTRELL**

## PETITION

**COMES NOW** the Plaintiff, Michael Schmauss, by and through his attorneys of record and for his cause of action against the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Michael Schmauss, is, and was at all times relevant hereto, a resident of Tulsa County, State of Oklahoma.

2. Defendant State Farm is a foreign for-profit corporation doing business in Tulsa County, State of Oklahoma.

3. The accident and injuries that gave rise to this litigation occurred in Tulsa County, State of Oklahoma.

4. This Court has jurisdiction, and venue is proper in Tulsa County, State of Oklahoma.

### FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. On or around May 20, 2017, a motor vehicle accident occurred involving Plaintiff and


EXHIBIT
1

third-party tortfeasor Seidah Rasheed, when Rasheed negligently collided with the vehicle in which Plaintiff was traveling. Rasheed had state minimum insurance coverage at the time of the accident.

7. As a result of Seidah Rashee's negligence, Plaintiff has suffered significant personal injuries, medical expenses, and property damage.

8. The vehicle in which Plaintiff was traveling at the time of this accident was covered under a policy of uninsured/underinsured motorist ("UIM") coverage, written by Defendant State Farm.

9. The tortfeasor responsible for Plaintiff's injuries, Seidah Rasheed, also insured by Defendant State Farm, was underinsured for Plaintiff's injuries at the time of this loss and Plaintiff submitted a demand to State Farm for all applicable benefits under the applicable policy of insurance.

10. On September 19, 2017, Plaintiff's sent Defendant State Farm a request to pay benefits under said policy in accordance with *Burch v. Allstate,* 1998 OK 129, 977 P.2d 1057, as the value of Plaintiff's claim clearly exceeded the tort-feasor's liability policy limits.

11. Plaintiff cooperated with all of State Farm's requests for information, and submitted his medical records and itemized billing, as well as a HIPPA compliant medical authorization, for Defendant to review.

12. On October 5, 2017, Defendant rejected Plaintiff's claims stating its evaluation of Plaintiff's damages was within tortfeasor's limit.

13. Plaintiff relied on Defendant State Farm to properly handle his claims and make payment pursuant to the coverage afforded to him under the applicable policy of insurance. Plaintiff has made due demand on the Defendant for payment of policy benefits and

2

otherwise met all of the conditions precedent for payment under the policy.

14. Defendant State Farm has and continues to unreasonably fail to tender benefits under the applicable policy of insurance, and continues to maintain the position that the value of Plaintiff's claim falls within the policy limits held by the tortfeasor.

15. As a result, Plaintiff has suffered the loss of benefits, attendant financial hardship and pain and suffering.

## CAUSE OF ACTION

### COUNT I:  BREACH OF CONTRACT

16. Paragraphs 1-15 are incorporated herein by reference.

17. Plaintiff had a policy of insurance with Defendant State Farm on the vehicle in which he was traveling at all times relevant hereto which included UIM coverage.

18. The accident at issue was caused by a third-party tortfeasor who was underinsured for Plaintiff's injuries.

19. Pursuant to the terms of the applicable insurance policy, this is a factual situation wherein the UIM coverage contained in said policy applies.

20. Plaintiff has requested that Defendant State Farm tender payment under said policy, and Defendant State Farm has failed and refused to do so. Plaintiff has performed all conditions precedent under the policy.

21. Defendant State Farm has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of his damages which is due and owed. Said failure constitutes a breach of contract of said insurance policy.

### COUNT II – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

22. Paragraphs 1-21 are incorporated herein by reference.

3

23. Plaintiff was insured under a policy of insurance written by Defendant State Farm providing UIM coverage at the time of his motor vehicle accident.

24. Plaintiff requested Defendant State Farm tender any and all applicable benefits under said policy but Defendant has failed and refused to do so. As of the date of this filing, Defendant State Farm has yet to tender the policy amounts owed to Plaintiff, or to make any payment to Plaintiff whatsoever.

25. In its handling of Plaintiff's claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant State Farm breached its duty to deal fairly and in good faith towards Plaintiff in the following respects:

   a. Failing to pay Plaintiff the benefits he was entitled under the policy of insurance at a time when Defendant knew Plaintiff was entitled to those benefits;

   b. Withholding payment of benefits knowing that Plaintiff's claim for benefits was valid;

   c. Unreasonably delaying payment of benefits without reasonable basis;

   d. Refusing to pay Plaintiff's claims for reasons contrary to the express provisions of the law;

   e. Intentionally and recklessly misapplying provisions of the insurance policy and looking for ways to avoid paying some or all of Plaintiff's claims;

   f. Failing to adopt and implement reasonable standards for the prompt investigation, evaluation and handling of Plaintiff's claim arising under its policies, including Plaintiff's;

   g. Unreasonably delaying Plaintiff's claim and putting the burden of investigation onto Plaintiff and his attorneys; and

4

      h.  Failing to attempt to act in good faith to effectuate a prompt and fair settlement of

          Plaintiff's claims.

26. As a direct result of Defendant State Farm's breach of contract and breach of the implied

covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance

policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses

and financial hardship.

27. Plaintiff has retained an attorney to prosecute this action and is thus entitled to a

reasonable attorney fee as well as the costs expended in pursuit of this litigation.

## COUNT III – PUNITIVE DAMAGES

28. Paragraphs 1-27 are incorporated herein by reference.

29. The intentional, wanton and reckless conduct of Defendant in disregard of Plaintiff and

others is, and was, conducted with full knowledge, in that Defendant knew, or should

have known, of the severe adverse consequences of its actions upon Plaintiff and others.

30. Such actions and or inactions were not only detrimental to the Plaintiff but to the public

in general.

31. Defendant has acted intentionally, maliciously and in reckless disregard for the rights of

the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the

Defendant for these actions.

**WHEREFORE,** based on the foregoing, Plaintiff prays that this Court grant the relief

sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars

($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of

Seventy-Five Thousand ($75,000.00), reasonable attorney fees, all applicable pre- and post-

judgment interest, costs and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Donald E. Smolen, II (OBA# 19944)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*

6

7712

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

RECEIVED
OKLAHOMA INSURANCE DEPARTMENT

MICHAEL SCHMAUSS, an individual,  )
                                                        )

FEB 23 2018

          Plaintiff,  )       Case No. _____

Legal Division

v.  )

**CJ-2018-00607**

STATE FARM MUTUAL AUTOMOBILE  )
INSURANCE COMPANY, a Foreign For-profit  )
Corporation,  )       ATTORNEY LIEN CLAIMED
                              )
         Defendant.  )       **DAMAN CANTRELL**

### ORIGINAL SUMMONS

**SERVE  BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

      STATE FARM MUTUAL AUTOMOBILE
      INSURANCE COMPANY


To the above-named Defendant(s)

      You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service.  Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.  Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

      Issued this ___9___ day of _____2_____, 2018

                              County Court Clerk

                 By     _____

                              Deputy Court Clerk

(Seal)
      This summons and order was served on

                            _____
                            (Signature of person serving summons)

      YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

          **Return ORIGINAL for filing.**

EXHIBIT

tabbies

2

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of_____, 2018, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |
| | | |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2018, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2018.  I certify that the following persons of the defendant within named not found in said County: _____.

## FEES

Fee for service $_____, Mileage $_____,Total $_____.

Dated this _____ day of _____, 2018.

By: _____

Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of_____, 2018.

My Commission Expires: _____     _____

Seal                                   Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2018, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
| | | |
| | | |

_____
Signature of person mailing summons



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| MICHAEL SCHMAUSS,<br>         Plaintiff,<br>v.<br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br>         Defendant. | **No. CJ-2018-607**<br>**(Civil relief more than $10,000: BAD FAITH INSURER LIABILITY)**<br><br>Filed: 02/09/2018<br><br>Judge: Cantrell, Daman H. |

## PARTIES

SCHMAUSS, MICHAEL, Plaintiff
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant

## ATTORNEYS

**Attorney**

SMOLEN, DONALD E II (Bar #19944)
SMOLEN,SMOLEN & ROYTMAN PLLC
701 S CINCINNATI AVE
TULSA, OK 74119

**Represented Parties**

SCHMAUSS, MICHAEL

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.



EXHIBIT
3

**Issue # 1.**      Issue: BAD FAITH INSURER LIABILITY (INSURE)
Filed By: SCHMAUSS, MICHAEL
Filed Date: 02/09/2018

| Party Name | Disposition Information |
|---|---|

**Defendant:**
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 02-09-2018 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 02-09-2018 | INSURE | BAD FAITH INSURER LIABILITY | | | |
| 02-09-2018 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 02-09-2018 | PFE1 | PETITION Document Available (#1039404237) 🗎TIFF 🗎PDF | | | $ 163.00 |
| 02-09-2018 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 02-09-2018 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 02-09-2018 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 02-09-2018 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 02-09-2018 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 02-09-2018 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 02-09-2018 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 02-09-2018 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 02-09-2018 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 02-09-2018 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 02-09-2018 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 02-09-2018 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 02-09-2018 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 02-09-2018 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 10.00 |
| 02-09-2018 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY | | | |
| 02-09-2018 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CANTRELL, DAMAN H. TO THIS CASE. | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 02-09-2018 | ACCOUNT | RECEIPT # 2018-3710238 ON 02/09/2018. PAYOR: SMOLEN SMOLEN & ROYTMAN PLLC TOTAL AMOUNT PAID: $ 242.14. LINE ITEMS: CJ-2018-607: $173.00 ON AC01 CLERK FEES. CJ-2018-607: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. CJ-2018-607: $1.66 ON AC31 COURT CLERK REVOLVING FUND. CJ-2018-607: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2018-607: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2018-607: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. CJ-2018-607: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CJ-2018-607: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND. CJ-2018-607: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2018-607: $10.00 ON AC81 LENGTHY TRIAL FUND. CJ-2018-607: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |
| 02-27-2018 | S | PARTY HAS BEEN SUCCESSFULLY SERVED. FOR STATE FARM MUTUAL AUTOMOBILE INSURANCE COMAPNY / CORP SRV / CERTIFIED MAIL / 2-20-18 Document Unavailable (#1039610311) | | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | |